# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2025

Lyle W. Cayce
Clerk

No. 24-30657
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TYRONE DONNELL PORTER,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CR-265-1

———————————————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Following a jury trial, Tyrone Donnell Porter was convicted of conspiracy to distribute and to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to 360 months of imprisonment. On appeal, he contends that the district court erred in admitting Jamie Hicks's testimony regarding her boyfriend Jeremy

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30657

Allinson's out-of-court statement incriminating Porter, complaining that the statement was not admissible under the coconspirator exception to the hearsay rule because the Government failed to present independent evidence of the existence of the conspiracy.

We review the district court's evidentiary ruling for an abuse of discretion. *United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017). To introduce a statement under the coconspirator exception to the hearsay rule, the Government must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the statement was made by a coconspirator, (3) the statement was made within the course of the conspiracy, and (4) the statement was made to further the conspiracy. *United States v. Gurrola*, 898 F.3d 524, 535 (5th Cir. 2018); Fed. R. Evid. 801(d)(2)(E). The content of the hearsay statement itself may be considered, but it cannot be the only evidence going towards proving the conspiracy; the Government must also present independent evidence supporting that finding. *See Bourjaily v. United States*, 483 U.S. 171, 180-81 (1987); *United States v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013); *United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011).

Here, in addition to the challenged coconspirator statement— Allinson's out-of-court statement that Porter was bringing him methamphetamine to resell to a third party—the Government supplied independent evidence of the existence of a conspiracy through non-declarant testimony, Hicks's own first-hand testimony that she had met Porter twice in recent weeks when she went with Allinson to buy methamphetamine from Porter. Hicks's non-hearsay testimony thus supplied independent evidence establishing the existence of the conspiracy, separate and apart from the challenged out-of-court statement by Allinson. *See Nelson*, 732 F.3d at 516; *El-Mezain*, 664 F.3d at 502. Other trial evidence corroborated Hicks's testimony establishing a conspiracy, including evidence that Porter had paid

No. 24-30657

for the hotel room where Hicks and Allinson were staying and where the drugs were found and video surveillance footage showing Porter arriving at the hotel room with a black plastic bag containing a large white object shortly before the police arrived, which bag was subsequently found to be holding a white cannister containing methamphetamine.

Because the record supports the finding that it was more likely than not that Allinson, with Hicks, was engaged in a conspiracy to buy methamphetamine from Porter for redistribution to third parties, the district court did not err in finding the requisite existence of a conspiracy, and it did not abuse its discretion in admitting Hicks's testimony about Allinson's out-of-court statement under the coconspirator exception to the hearsay rule. *See Bourjaily*, 483 U.S. at 175; *see also Sanjar*, 876 F.3d at 738. Accordingly, the district court's judgment is AFFIRMED.